ALTENBERND, Acting Chief Judge.
William Sakelson and Paradise of Port Richey appeal from two orders of the Department of Environmental Protection (the Department) dismissing Mr. Sakelson’s two petitions for administrative hearings. The Department dismissed these petitions without a hearing, finding that Mr. Sakel-son lacked standing to request them. Because Mr. Sakelson’s standing depends upon a disputed issue of fact, we reverse the orders and remand the case to the Department.
The two petitions filed by Mr. Sakelson involve a sovereign submerged land lease. The petitions were filed in August and September 1997. The first petition sought review of the Department’s denial of Mr. Sakelson’s request to modify his lease. Mr. Sakelson had requested modification after the Department sent him a letter asserting that he was violating the lease terms and that such violations could subject him to administrative fines and the termination of the lease unless he was able to obtain an appropriate modification. The second petition sought review of the Department’s decision to terminate the lease after denying the modification. In each petition, Mr. Sakelson alleged that the original lease was renewed on February 13, 1997, to be effective from April 1, 1996, through April 1, 2001.
While these petitions were pending, Mr. Sakelson transferred his interest in the sovereign submerged land lease and the adjoining property to Paradise of Port Richey on May 5, 1998. At that time, the Department had not taken action on the *1207 petitions. Thereafter, however, on August 30, 1999, the Department summarily dismissed both petitions. The order relied first upon the fact that no lease was in existence as of April 1, 1996, and then on the fact that Mr. Sakelson had transferred his property and interest in the lease on May 5, 1998. Thus, the Department apparently disputes Mr. Sakelson’s allegation that the lease was renewed to continue in effect from April 1, 1996, to April 1, 2001.
Mr. Sakelson’s standing depends directly on whether he had an interest in a sovereign submerged land lease after April 1, 1996. If he did, he had a direct interest in the Department’s actions concerning the lease between April 1, 1996, and May 5, 1998. In addition, his interest may have continued despite his transfer of the property and lease. For example, he may have an interest in asserting that he had a valid lease when he attempted to transfer the same to Paradise of Port Richey.
Whether a lease existed after April 1, 1996, is a disputed issue of fact, not resolved by the Department before it summarily dismissed Mr. Sakelson’s petitions. Because the validity of the Department’s actions cannot be determined by this court without the resolution of this disputed issue of fact, we reverse the Department’s orders and remand the cases to it for a hearing to resolve the factual disputes concerning Mr. Sakelson’s standing. See § 120.68(7)(a), Fla. Stat. (1997).
Reversed and remanded.
SALCINES, J., and DANAHY, PAUL W., (Senior) Judge, concur.